UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE ERBY,

    Plaintiff,

v.

    Case No. 08-13067

    Honorable Patrick J. Duggan

PFIZER PHARMACEUTICAL
COMPANY,

    Defendant.
                              /

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 8, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On July 16, 2008, Maurice Erby, a state inmate currently incarcerated at the Huron Valley Men's Complex in Ypsilanti, Michigan, filed this "product liability action" against "Pfizer Pharmaceutical Company" ("Pfizer").[1] Plaintiff alleges that Michigan Department of Corrections officials forced him to consume Geoden, a drug manufactured by Pfizer, to treat his purported schizophrenia from May 2008 to present. Plaintiff claims

---

[1] Plaintiff invokes numerous jurisdictional bases for this action, including 28 U.S.C. §§ 1331, 1332, 1343, 1345, 1350, and 1391. Of these jurisdictional bases only one seemingly applies to Plaintiff's "product liability action," 28 U.S.C. § 1332, which provides for diversity jurisdiction.

that his consumption of Geoden has caused him to experience bleeding in this throat and "inflammed burning sensation[s] in his upper chest area." (Compl. ¶ 9.)

On July 21, 2008, this Court issued an order granting Plaintiff's motion to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 and summarily dismissing Plaintiff complaint for failure to state a claim for which relief can be granted. A Judgment was issued on that same date. More specifically, the Court, in its July 21, 2008 order, held that Plaintiff's "products liability" claim against Pfizer was barred by section 600.2946(5) of the Michigan Compiled Laws, which "'immunizes drug manufacturers from liability from damages in suits contending that their drug was defective or unreasonably dangerous 'if the drug was approved for safety and efficacy by [the FDA], and the drug and labeling were in compliance with [the FDA's] approval at the time the drug left the control of the manufacturer or seller.'" *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 964 (6th Cir. 2004)(quoting MICH. COMP. LAWS § 600.2946(5)).

Presently before this Court is Plaintiff's motion for reconsideration, which was filed on August 7, 2008. Pursuant to Eastern District of Michigan Local Rule 7.1(g)(2), "[n]o response to [a] motion [for reconsideration] and no oral argument are permitted unless the court orders otherwise." Furthermore, the standard for a motion for reconsideration is set forth in Eastern District of Michigan Local Rule 7.1(g)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of

the case.

Thus, "[t]he Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff contends that he seeks to challenge section 600.2946 "as being wholly unconstitutional and violative [*sic*] of [his] constitutional rights." (Pl.'s Br. at 1-2.) Although it is unclear what constitutional rights Plaintiff claims section 600.2946 violates, the Court notes that constitutional challenges, both federal and state, to the section 600.2946 have been rejected. *See Zammit v. Shire US, Inc.*, 415 F. Supp. 2d 760, 766 (E.D. Mich. 2006)(applying case law rejecting state and federal constitutional challenges to section 600.2946). Therefore, Plaintiff's constitutional challenge would also be rejected. *See id.*

In addition, Plaintiff argues that the Court should grant him leave to amend his complaint to assert a claim against the Michigan Department of Corrections ("MDOC") "Correctional Mental Health Program." Any claim Plaintiff may wish to assert against the MDOC, whether it be for damages or injunctive relief, would be barred as the MDOC, including its "Correctional Mental Health Program," are immune from such suits under the Eleventh Amendment. *Adams v. Mich. Dep't of Corrs.*, 817 F.2d 756 (6th Cir. 1987)(unpublished); *Ritchie v. Mich. Dep't of Corrs.*, 826 F.2d 1065 (6th Cir.

1987)(unpublished); *Hagopian v. Smith*, 05-74025, 2007 U.S. Dist. LEXIS 77411 (E.D. Mich. Oct. 18, 2007).

Based on the foregoing, Plaintiff has failed to show that the Court was misled by a palpable defect in summarily dismissing his complaint for failure to state a claim for which relief can be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

                                             s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Maurice Erby
#164580
Huron Valley Men's Complex
3201 Bemis Road
Ypsilanti, MI 48197